FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SALLIE CAROL LOPEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | No. 1:16-cv-03216-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 25, 26 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 25, 26. The parties consented to proceed before a magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 25) and grants Defendant's motion (ECF No. 26).

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff previously filed an application for benefits, which was denied on December 6, 2011. Tr. 126-28. Plaintiff protectively filed applications for Title II disability insurance benefits and for Title XVI supplemental security income benefits on December 3, 2012, alleging a disability onset date of March 30, 2011. Tr. 231-43. The applications were denied initially, Tr. 129-43, and on reconsideration, Tr. 148-64. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on January 12, 2015. Tr. 19-51. On February 20, 2015, the ALJ denied Plaintiff's claim. Tr. 797-809.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff has engaged in substantial gainful activity since March 30, 2011, but that there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. Tr. 800. At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease, osteoarthrosis, status post right knee arthroscopy, asthma, obesity, affective disorder, and organic mental disorder. Tr. 800. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 800. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> She should never climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs. She can occasionally stoop, kneel, crouch and crawl. She can occasionally reach overhead. She can reach in all other directions, and frequently handle, finger and feel. She can have occasional exposure to temperature extremes, humidity, and vibration. She should avoid all exposure to pulmonary irritants such as dust, fumes, odors, gases, and poor ventilation. She can have occasional exposure to hazardous working conditions such as proximity to unprotected heights and moving machinery. She must work within a 5 minute walk of sanitary restroom facilities. She is able to carry out both simple and familiar detailed tasks, but may require a little extra time than most employees to learn and become familiar with detailed tasks, but once learned, she should be able to perform them with the same efficiency as others. She is able to adapt to a predictable work routine with no more than occasional changes.

Tr. 803.

At step four, the ALJ found Plaintiff is able to perform past relevant work as a customer service representative, receptionist, office helper, and medical records coder/biller. Tr. 807. Alternatively, at step five, after considering the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as mail clerk and storage facility rental clerk. Tr. 808. Thus, the ALJ concluded Plaintiff has not been under a disability since December 7, 2011, the day after the prior determination became administratively final. Tr. 809. On September 27, 2016, the Appeals Council denied review of the ALJ's decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered Plaintiff's substantial gainful activity at step one;

2. Whether the ALJ properly evaluated the medical opinion evidence; and

3. Whether the ALJ properly considered vocational grid rule 201.06.

ECF No. 25 at 5-18.

## DISCUSSION

**A. Substantial Gainful Activity**

Plaintiff claims the ALJ erred at step one by improperly considering her time working as a waitress as substantial gainful activity. ECF No. 25 at 6-8. Plaintiff argues this work should be characterized as a trial work period. *Id.*

At step one of the sequential evaluation process, the ALJ considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the ALJ must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b). However, an individual who is entitled to disability insurance benefits is entitled to a trial work period. 20 C.F.R. § 404.1592(d). "The trial work period is a period during which [a claimant] may test [their] ability to work and still be considered disabled." 20 C.F.R. § 404.1592(a). The trial work period may last up to nine months. *Id.* The Commissioner may not consider work performed during the trial work period in determining whether disability has ended. *Id.* The trial work period begins with the month in which a claimant becomes entitled to benefits. 20 C.F.R. § 404.1592(e).

Plaintiff contends that the period of time she spent working as a waitress from November 2013 to June 2014 should be considered a trial work period. ECF

No. 25 at 6-8. Plaintiff argues the consequence of this position is two-fold: if the Court finds that the ALJ erred in finding the work substantial gainful activity, then (1) the ALJ should not have determined that Plaintiff was ineligible for benefits during this period because her waitress work should not be considered substantial gainful activity, and (2) Plaintiff's activities during the trial work period should not otherwise be considered evidence of nondisability during that time frame. ECF No. 25 at 6, 10-12.

The question of whether an individual is entitled to a trial work period before the Commissioner has adjudged the individual to be entitled to benefits has not been addressed by the Ninth Circuit. However, several other circuits have concluded that the trial work period is only available to claimants who have already been adjudicated disabled and are receiving benefits at the time of the trial work period. *See Cieutat v. Bowen*, 824 F.2d 348, 358-59 (5th Cir. 1987); *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988)[1]; *Wyatt v. Barnhart*, 349 F.3d 983, 985-96 (7th Cir. 2003); *see also Conley v. Bowen*, 859 F.2d 261, 262 (2d Cir. 1988).

---

[1] *But see Parish v. Califano*, 42 F.2d 188, 193 (6th Cir. 1981) (recognizing trial work period eligibility upon filing for benefits in cases of degenerative disease).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

This interpretation is consistent with the regulation itself, which excludes the trial work period from the consideration of whether a disability has ended, rather than the initial consideration of whether a claimant is disabled. 20 C.F.R. § 404.1592(a). Furthermore, the regulation that establishes the trial work period is contained within the subheading "Continuing or Stopping Disability." 20 C.F.R. §404, Subpart P. In light of the text and context of the regulation, the Court finds Plaintiff is eligible for a trial work period only after becoming entitled to benefits by being adjudged disabled within the meaning of the Social Security Act. Here, because Plaintiff was not adjudged disabled and thus was not entitled to benefits at the time of her employment as a waitress, Plaintiff is unable to characterize her employment as a trial work period.

Plaintiff has not cited any controlling legal authority to support her interpretation of the trial work period regulation.[2] Moreover, even if Plaintiff did

_____

[2] Plaintiff cites to *Gatliff* for the premise that Plaintiff's work was too brief to be truly substantial gainful activity. *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) ("[S]ubstantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time."). The Court finds *Gatliff* sufficiently distinguishable from this case. Mr. Gatliff was mentally incapable of holding

identify legal authority entitling her to a trial work period as early as her application date, Plaintiff's choice to leave her job places her employment beyond the scope of a trial work period intended to test a claimant's ability to work. *See* 20 C.F.R. § 404.1592(a). Plaintiff testified that she voluntarily resigned from her waitress job in order to take a more highly-paid position at another location. Tr. 37-38. She further testified that the new position was eliminated before she was able to begin the job. Tr. 38. This record does not show Plaintiff engaged in a trial work period to test her ability to work. Rather, Plaintiff's lack of employment following her time as a waitress was caused by factors other than Plaintiff's alleged disability.

As Defendant notes, Plaintiff's waitress work may be more accurately characterized as an unsuccessful work attempt. ECF No. 26 at 3. However, Plaintiff's employment exceeds the six-month limit of an unsuccessful work attempt. 20 C.F.R. § 404.1574(c); 20 C.F.R. § 416.974(c). Plaintiff fails to demonstrate error in the ALJ's determination that her employment as a waitress for approximately seven months constituted substantial gainful activity.

_____

employment for more than two months at a time. *Id.* at 692. Plaintiff testified she was employed for eight months and resigned from the position in order to take a higher-paid job elsewhere. Tr. 37-38.

**B. Medical Opinion Evidence**

Next, Plaintiff challenges the ALJ's consideration of the medical opinions of Dr. Drenguis, Dr. Dougherty, Dr. Peterson, Dr. Eisenhauer, Dr. Rubio, and Nurse Morphet-Brown.  ECF No. 25 at 9-18.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81 F.3d 821, 830-831 (9th Cir. 1995)).

### 1. William Drenguis, M.D.

Dr. Drenguis examined Plaintiff on April 7, 2013, Tr. 503-07, and opined that Plaintiff is limited to standing/walking for three hours per day in an eight-hour workday; limited to six hours of sitting in an eight-hour workday; has a maximum lifting/carrying capacity of twenty pounds occasionally and ten pounds frequently; may occasionally balance but should never climb, stoop, kneel, crouch, or crawl; may frequently reach, handle, finger, or feel; and is limited working at heights but has no limitations around heavy machinery, around extremes of temperature, around chemicals, around dust, fumes, gases, or around excessive noises. Tr. 507. The ALJ assigned this opinion significant weight; however, the ALJ assigned lesser weight to Dr. Drenguis' opinion that Plaintiff is limited to three hours of standing/walking in an eight-hour workday. Dr. Drenguis' opinion on Plaintiff's standing/walking limitation was contradicted by Dr. Bernardez-Fu, Tr. 72, and Dr. Rubio, Tr. 103. Therefore, the ALJ needed to identify specific and legitimate

reasons to discredit this portion of Dr. Drenguis' opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ rejected Dr. Drenguis' assessed limitation because it was inconsistent with Plaintiff's activities. Tr. 806. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). Although Dr. Drenguis opined Plaintiff could only stand or walk for three hours in an eight hour workday, Plaintiff reported shopping once or twice a week for half of a day at a time, and spending entire days doing housework. Tr. 316-17. Additionally, inconsistency with a claimant's work activities reflected in the record is a factor to consider in giving weight to medical opinions. 20 C.F.R. § 404.1527(c)(4); 20 C.F.R. § 416.927(c)(4); *see also Deiman v. Colvin*, 2016 WL 1658603 (D. Ariz. Apr. 27, 2016). Plaintiff testified she was able to work 40 hours per week as a waitress, which is classified as light work. Tr. 37, 41. The ALJ found that Plaintiff engaged in a variety of household tasks and waitress work that demonstrated a capacity for light work. Tr. 801, 806. The ALJ did not err when he concluded that these activities are inconsistent with being limited to standing and walking to three hours per day. This was a specific and legitimate reason to discredit Dr. Drenguis' assessed limitation.

### 2. Roland Dougherty, Ph.D.

Dr. Dougherty examined Plaintiff on April 9, 2013, Tr. 508-19, and opined Plaintiff "is likely to have the ability to perform detailed and complex tasks," "should be able to accept instructions from supervisors and interact with coworkers and the public," "may have some difficulty maintaining regular attendance in the workplace," and that Plaintiff's depression may interfere with her ability to complete a normal workday and workweek and her ability to tolerate the stress of a work environment. Tr. 514. The ALJ assigned significant weight to this opinion, but gave lesser weight to the portion of the opinion finding Plaintiff would have difficulty completing a normal workday/workweek. Tr. 806. The discredited portion of Dr. Dougherty's opinion was contradicted by Dr. Eisenhauer, Tr. 74, and Dr. Peterson, Tr. 102. Therefore, the ALJ needed to identify specific and legitimate reasons to discredit this portion of Dr. Dougherty's opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ found Dr. Dougherty's assessed limitation was not supported by his own examination notes. Tr. 806. A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray*, 554 F.3d at 1228; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Moreover, a physician's opinion may be rejected if it is unsupported by the physician's treatment notes. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir.

2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes). During the examination, Dr. Dougherty noted Plaintiff was neatly dressed and groomed for the appointment, reported her mood as okay, had an affect consistent with a positive mood, had no difficulty socializing, had good social skills, was pleasant and cooperative during the examination, and that her thinking was logical and goal directed. Tr. 511-13.

These observations do not support Dr. Dougherty's opinion that Plaintiff's depression is so severe that it will impact her ability to complete a workday or workweek or tolerate the stress of a work environment. Tr. 514. This was a specific and legitimate reason to discredit Dr. Dougherty's assessed limitation. Even if Plaintiff could identify error in the ALJ's rationale, the ALJ included in the RFC limitations that account for Plaintiff's subjective symptoms. Tr. 803, 806. Thus, the partial discrediting of Dr. Doughterty's opinion was inconsequential to the overall disability determination. *Molina*, 674 F.3d at 1115. Plaintiff fails to identify harmful error in the ALJ's finding.

*3. Gerald Peterson, Ph.D. and Renee Eisenhauer, Ph.D.*

Dr. Peterson and Dr. Eisenhauer both reviewed Plaintiff's medical record and opined Plaintiff has limitations in concentration and persistence. Tr. 73-75, 101-02, 105-07. The ALJ afforded significant weight to both opinions. Tr. 806.

Plaintiff challenges these opinions collectively, arguing the ALJ improperly incorporated these opinions into the RFC. ECF No. 25 at 12-15.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *See Morgan*, 169 F.3d at 599-600. Where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Court will only disturb the ALJ's findings if they are not supported by substantial evidence. *Hill*, 698 F.3d at 1158.

Here, Dr. Peterson opined that when Plaintiff is experiencing pain, she may have limitations in her concentration, persistence, and interaction with others. Tr. 101-02. Dr. Peterson also opined Plaintiff is able to "understand, recall, and execute simple one and two step tasks," and her symptoms "would limit her ability to carry out more complex tasks." Tr. 106. Dr. Eisenhauer similarly opined Plaintiff is able to "understand, recall, and execute simple one and two step tasks,"

and although her symptoms will cause "some degree of intrusion" during the work week, "overall claimant is able to persist as needed for the completion of work tasks in an average work environment." Tr. 74.

The ALJ incorporated these findings into the RFC by limiting Plaintiff to "simple and familiar detailed tasks, but once learned, she should be able to perform them with the same efficiency as others." Tr. 803. Although not verbatim, this portion of the RFC reflects the limitations assessed by Dr. Peterson and Dr. Eisenhauer. Plaintiff does not identify medical evidence that contradicts this finding. ECF No. 25 at 12-14. That Plaintiff offers a different interpretation of the evidence is not a sufficient reason to overturn the ALJ's decision. *Burch*, 400 F.3d at 679. The RFC formulated by the ALJ reflects the medical opinions and is supported by substantial evidence. The ALJ did not err in his evaluation of Dr. Peterson and Dr. Eisenhauer's opinions.

### 4. *Guillermo Rubio, M.D.*

Dr. Rubio reviewed Plaintiff's medical records on June 5, 2013, Tr. 103-05, and opined Plaintiff is able to lift ten pounds occasionally and ten pounds frequently. Tr. 103. The ALJ assigned lesser weight to this opinion. Tr. 806. Dr. Rubio's exertional limitations were contradicted by Dr. Bernardez-Fu, Tr. 72, and Dr. Drenguis, Tr. 507. Therefore, the ALJ needed to identify specific and

legitimate reasons to discredit this portion of Dr. Rubio's opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ discredited Dr. Rubio's opinion because it was inconsistent with Plaintiff's daily activities, which showed a capacity for light tasks. Tr. 806. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan*, 169 F.3d at 601-02. Although Dr. Rubio opined Plaintiff could only lift up to ten pounds, Plaintiff self-reported being able to lift twenty pounds in her daily activities. Tr. 319. Plaintiff was also able to work 40 hours per week as a waitress, which the vocational expert classified as light work. Tr. 37-38, 41. These activities are inconsistent with being limited to lifting a maximum of ten pounds. This was a specific and legitimate reason to discredit Dr. Rubio's assessed limitation.

### 5. Mary Morphet-Brown, NP

Nurse Morphet-Brown has been Plaintiff's treatment provider for approximately ten years. Tr. 50. Nurse Morphet-Brown submitted a physical function evaluation, opining that Plaintiff's asthma causes severe restrictions on Plaintiff's ability to perform basic work activities and that Plaintiff is unable to meet the demands of sedentary work. Tr. 598-600. The ALJ assigned this opinion very little weight. Tr. 806.

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527 (2012); *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d) (2013). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ provided several reasons to discredit Nurse Morphet-Brown's testimony.

First, the ALJ found Nurse Morphet-Brown's assessed limitations were not supported by the record. Tr. 806. Plaintiff assigns error to this analysis, but does not argue the point with specificity. ECF No. 25 at 16-17. Therefore, the argument is waived. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity).

Second, the ALJ found Nurse Morphet-Brown's opinion was not adequately explained. Tr. 806. Factors relevant to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. 20 C.F.R. §§ 404.1527(c); 416.927(c); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported." *Bray*, 554 F.3d at 1228; *Thomas,* 278 F.3d at 957. Although Plaintiff argues Nurse Morphet-Brown's assessment was based on a ten-year treatment history, the record only contains treatment notes from 2010 to 2013. ECF No. 25 at 18; Tr. 366-82; Tr. 528-610. These treatment notes do not contain any assessed limitations, nor any explanation of how Plaintiff's impairments cause the limitations Nurse Morphet-Brown later opined. Nurse Morphet-Brown's assessment does refer to Plaintiff's diagnosis of asthma, but a diagnosis alone cannot sustain a finding of disability. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). Nurse Morphet-Brown did not explain how Plaintiff's diagnosis causes the level of impairment Nurse Morphet-

Brown assessed. This was a germane reason to discredit Nurse Morphet-Brown's opinion.

Finally, the ALJ found Nurse Morphet-Brown's opinion was inconsistent with Plaintiff's daily activities. Tr. 806. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan*, 169 F.3d at 601-02. Nurse Morphet-Brown opined Plaintiff is unable to meet the demands of sedentary work. Tr. 600. However, as discussed *supra*, Plaintiff's daily activities are consistent with light work as evidenced by Plaintiff working as a waitress for over seven months and other activities including shopping and housework. This was a germane reason to discredit Nurse Morphet-Brown's opinion.

For these reasons, the ALJ did not err in rejecting this opinion evidence.

**C. Vocational Grid Rules**

Plaintiff argues the ALJ erred in failing to find at step five that Plaintiff disabled under Vocational Grid Rule 201.06.[3] ECF No. 25 at 9-15. The ALJ concluded, based on the RFC, that Plaintiff was able to perform past relevant work,

_____

[3] Plaintiff's briefing refers alternatively to Grid Rule 201.06 and 201.12. ECF No. 25 at 9. Because the Vocational Expert classified Plaintiff's past work as skilled, semiskilled, and unskilled, Tr. 41, the Court refers to rule 201.06.

and therefore found her not disabled at step four of the sequential evaluation process. Tr. 807. The ALJ then made an alternative finding at step five that Plaintiff is capable of performing other work that exists in significant numbers in the national economy, including mail clerk and storage facility rental clerk. Tr. 808.

Under Grid Rule 201.06, a claimant is disabled if they are at advanced age, limited to sedentary work, and their skills from previous work experience are not transferrable. 20 C.F.R. § 404, Appendix 2 to Subpart P. The ALJ determined Plaintiff is capable of performing light work with additional limitations. Tr. 803. Plaintiff's argument supporting a grid finding is premised on Plaintiff's claim that the ALJ improperly considered the medical opinion evidence. However, as discussed *supra*, the ALJ properly weighed the medical opinion evidence. Therefore, the ALJ properly concluded Plaintiff is capable of performing light work with additional limitations. Because Plaintiff is not limited to sedentary work, Grid Rule 201.06 is inapplicable.

Furthermore, even if Plaintiff could establish error in the ALJ's analysis, the error would be harmless because the ALJ's findings at step five were made in the alternative. "Other work" considerations, including evaluations made under the Vocational Grid Rules, are reserved for step five, only after the ALJ has determined Plaintiff is not capable of performing past relevant work. 20 C.F.R. §§

404.1560, 416.960; 20 C.F.R. § 404, Appendix 2 to Subpart P.  Because the ALJ properly considered the medical evidence, the ALJ properly concluded at step four that Plaintiff is capable of performing past relevant work.  The ALJ's step five findings were made in the alternative.  Whether or not the ALJ should have considered the Grid Rule 201.06 at step five is irrelevant to the disability determination, because the ALJ concluded the analysis at step four.

For these reasons, the ALJ did not err in failing to consider whether Plaintiff meets the requirements of Grid Rule 201.06.

## CONCLUSION

After review, the Court finds that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 25) is **DENIED.**

2. Defendant's motion for summary judgment (ECF No. 26) is **GRANTED.**

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE DEFENDANT**, provide copies to counsel, and **CLOSE THE FILE.**

DATED January 8, 2018.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE